FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 29, 2023

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| G.F., a minor, by and through Diana Flores, his guardian ad litem,<br><br>Plaintiff,[1]<br><br>vs.<br><br>YAKIMA VALLEY MEMORIAL HOSPITAL, UNITED STATES OF AMERICA, AND DOES 1-100,<br><br>Defendants. | No. 1:23-cv-03169-SAB<br><br>**ORDER GRANTING IN PART, AND DENYING IN PART UNITED STATES' MOTION TO DISMISS; GRANTING IN PART AND DENYING IN PART JOINT MOTION FOR ENTRY OF STIPULATED ORDER; AMENDING CAPTION, DISMISSING CERTAIN CLAIMS, AND DIRECTING REMAND TO YAKIMA COUNTY SUPERIOR COURT**<br><br>**ECF Nos. 5, 11** |

Before the Court is the United States' Motion to Dismiss Plaintiff's Medical

---

[1] Though the caption of the Complaint, ECF No. 1-1, refers to plural "Plaintiffs," the Court construes the Complaint as asserting claims only on behalf of the minor Plaintiff, who cannot assert any claims on behalf of his general guardian, Ms. Flores. For sake of clarity, the caption of the case shall be amended and all references to Plaintiff should be made in the singular.

ORDER - 1

Negligence Claims for Lack of Jurisdiction, **ECF No. 5**, and the Motion for Entry of Stipulated Order Granting the United States' Substitution & Motion to Dismiss, **ECF No. 11**, filed jointly by Plaintiff and the United States. Having reviewed the record and applicable law, the Court grants in part and denies in part the pending motions.

## Background

Plaintiff filed suit in Yakima County Superior Court asserting claims of medical-related negligence. ECF No. 1-1. Pursuant to the Federally Supported Health Centers Assistance Act (FSHCAA), 42 U.S.C. § 233(c), the United States removed the case to this Court and substituted itself as a defendant in place of Defendants Norman J. Naiden, M.D. and YVFWC, after certifying that the claims against them must be brought under Federal Tort Claims Act (FTCA), 28 U.S.C. § 2679(d)(1). *See* ECF Nos. 1, 3. The United States then filed a Motion to Dismiss for Lack of Jurisdiction seeking dismissal of Plaintiff's claims *with prejudice* based on lack of administrative exhaustion and expiration of the statute of limitations. ECF No. 5. Plaintiff opposed the United States' Motion to Dismiss, contending the claims against the United States ought to be dismissed *without prejudice* and asking that this matter be remanded to state court to proceed against the remaining Defendants, including Yakima Valley Memorial Hospital. ECF No. 8.

Thereafter, Plaintiff and the United States filed a joint motion which asks the

Court to grant the United States' substitution and the pending Motion to Dismiss based on the parties' stipulation that: (1) pursuant to the FSHCAA Plaintiff's negligence claims against YVGWC and Mr. Naiden are exclusively controlled by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2679(d)(1); (2) claims against YVFWC and Mr. Naiden should be dismissed *with prejudice* (because they are immune from liability under the FTCA); and (3) the substituted claims against the United States should be dismissed *without prejudice*. *See* ECF No. 11-1 at 2.

**Discussion**

Federal Rule of Civil Procedure 17(c) and Local Civil Rule 17(c) require a court appoint a guardian ad litem "or issue another appropriate order" to protect a minor who is unrepresented in an action. Fed. R. Civ. P. 17(c)(1). Local Civil Rule 17 allows the Court to dispense with the appointment upon "good cause." L.Civ.R. 17(c)(3). Though it is this Court's rule and practice to independently appoint an attorney as guardian ad litem, the Court finds that for purpose of effectuating Plaintiff's stipulated dismissal of certain claims and requested remand, Plaintiff is adequately protected by Plaintiff's legal guardian and mother, who brought this action on Plaintiff's behalf through representation by counsel. *See United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986) (Court need not appoint a guardian ad litem if it determines the person is otherwise "adequately protected.").

ORDER - 3

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. The United States' Motion to Dismiss, **ECF No. 5**, is **GRANTED IN PART**, and **DENIED IN PART**.

2. Plaintiff and the United States' "Motion for Entry of Stipulated Order Granting the United States' Substitution and Motion to Dismiss," **ECF No. 11**, is **GRANTED IN PART**, and **DENIED IN PART**.

3. Pursuant to 42 U.S.C. §§ 233(a), (c), the United States is **SUBSTITUTED** as Defendant in the place of Defendants YVFWC and Norman Naiden.

4. The Clerk of the Court shall **update the docket sheet**, by terminating YVFWC and Norman Naiden as Defendants, and substituting the United States of America as a Defendant. Any future filings shall reflect the caption as amended by the Court herein.

5. Plaintiff's claims against the YVFWC and Norman Naiden are **DISMISSED with prejudice**.

6. Plaintiff's claims against Defendants YVFWC and Naiden are treated as claims against the United States under the FTCA.

7. Plaintiff's claims against the United States are **DISMISSED without prejudice**.

8. Plaintiff admits the FTCA administrative claim process is ongoing

ORDER - 4

1 and requests remand. ECF No. 11-1 at 2; ECF No. 8 at 8. Distinguishing Plaintiff's claims against the United States extinguishes the only viable basis for federal jurisdiction and there is no reasonable basis for exercising jurisdiction over Plaintiff's remaining state law claims against the other named defendants. *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.' ") (quoting 28 U.S.C. § 1367(c)(3)). This matter is **REMANDED** to Yakima County Superior Court for all further proceedings.

The Clerk of the Court is directed to enter this order, update the docket sheet as directed, provide copies of this Order to counsel and the Yakima County Superior Court, and **CLOSE THE FILE**.

DATED December 29, 2023.



Stanley A. Bastian
Chief United States District Judge

ORDER - 5